DUFFEY, District Judge, concurring in part and dissenting in part.
I concur with the majority's conclusion that the trial court ruled correctly that the vehicles parked by the plaintiffs are "goods" subject to the ultimate consumer exception, and not "materials" under the FLSA. Recent Eleventh Circuit precedent dictates this result. Rodriguez, 858 F.3d at 1370.
I do not agree with the majority's interpretation of the term "materials" under the FLSA, or its ultimate conclusion that "the evidence the plaintiffs presented sufficed to allow a jury to conclude that uniforms used by FCPS' employees were `materials' within the meaning of § 203(s)(1)(A)(i)." Maj. Op. at 1250. Circuit precedent does not support that uniforms in the context of this case are "materials."
In Polycarpe, the Eleventh Circuit stated that "whether an item counts as `materials' depends on whether the item is serving as a material in context." Polycarpe, 616 F.3d at 1226. We said, "to count as `materials,' an item must fall within the word's ordinary meaning within the FLSA handling-clause context: as tools or other articles necessary for doing or making something." Id.; see also Rodriguez, 858 F.3d at 1370-71 ("Cases relying on Polycarpe have generally recognized that tools purchased by the employer and used by the employees to perform services are `materials.'"). The Polycarpe court, in creating this context-focused necessity test, sought to ensure that only items "necessary for doing [(service)] or making [(manufacturing)] something" are the focus of the handling clause analysis. That is, *1255 if an item is necessary to perform the service or manufacture the good, its origin is relevant. If the item is merely useful in, or incidental to, performing the service or manufacturing the good, its origin is not germane to the handling clause analysis.
Second, for an item to count as a "material," it must have a "significant connection with the employer's commercial activity." Id.
The majority relies on the language in a Senate Report to advocate for a new standard to allow items used in a business to determine if the FLSA applies under the Polycarpe two-part test. Maj. Op. at 1252-53. Specifically, the majority relies on language in S. Rep. 93-690 to state that use alone is sufficient to meet the first part of the Polycarpe test for "material." That is, even an unnecessary item, if not locally produced, can constitute a "material" if the item was useful to the provision of a service. Reliance on legislative history and agency interpretation,[1] however, is not necessary to understand or apply the Polycarpe test, and reliance upon it here leads to the wrong result reached by the majority. Polycarpe, in the section of the opinion upon which the majority relies, simply states that items such as soap, which are fundamental to the operation of a business that launders clothing, are "materials" for purposes of the handling clause. Polycarpe does not suggest that items such as uniforms, which are not necessary to the business of valet parking (which the majority admits), are "materials." The majority's relaxed Polycarpe test would make virtually every business that uses items not locally made subject to the FLSA, or at least a question for a jury to decide. This approach obscures the clarity of the Polycarpe test and does not align with our precedent.
*1256 In applying the Polycarpe two-part test, I do not believe any reasonable juror would find that FCPS' employees' uniforms were (i) "necessary" for FCPS' business or (ii) "significantly connected to [FCPS'] commercial activity." The necessity of a uniform in performing a valet parking service is unlike the necessity of a launderer's soap to clean a customer's clothing, a security guard's use of a handgun to protect a premise, or a landscaper's use of his truck to transport heavy-duty equipment to his clients' properties - all of which are essential to the operation of the business in question. See, e.g., Dixon v. Maximum Sec. Service, LLC, 2011 WL 2182349, at *6 (W.D. Tenn. 2011) (concluding that handguns are "necessary" to the job of security guard); Polycarpe v. E & S Landscaping Service, Inc., 821 F.Supp.2d 1302, 1307 (S.D. Fla. 2011); Polycarpe, 616 F.3d at 1225.
The majority's relaxed "materials" test erodes the disciplined two-part test announced in Polycarpe. Under the Polycarpe test, and assuming the determination of whether an item such as a uniform is a question of fact for the jury to decide, I find that a valet "uniform" is not, in this context and on the record here, a tool or article necessary to the valet business, and a reasonable juror would not find otherwise.
For these reasons, I would affirm the trial court.

Honorable William S. Duffey, Jr., United States District Judge for the Northern District of Georgia, sitting by designation.

"Goods" (unlike "materials") are subject to an "ultimate consumer exception," under which, if employees "handl[e]," etc., "goods after their delivery into the actual physical possession of the ultimate consumer thereof other than a producer, manufacturer, or processor thereof," then such "handl[ing]," etc., will not serve as a predicate for "enterprise coverage." Polycarpe, 616 F.3d at 1222-24. See also Rodriguez, 858 F.3d at 1370.